## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

RAKIM X. FARRAKHAN
ADC #114344                                                                          PLAINTIFF

V.                                    4:06CV00807 SWW

LEROY BROWNLEE *et al.*                                                              DEFENDANTS

### ORDER

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of

Correction ("ADC"), filed a *pro se* complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, on

July 10, 2006.[1]

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  In conducting its

review,  the Court is mindful that a complaint should be dismissed for failure to state a claim only

if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims

that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651

(8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a

plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers.

. . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading

---

[1]Plaintiff actually filed a petition for a writ of mandamus, which has been abolished.  *See* Fed.R.Civ.P. 81(b).  Thus, Plaintiff's filing is being construed as a complaint.

1

standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Plaintiff's complaint

Plaintiff has named as Defendants Arkansas Parole Board members Leroy Brownlee, Larry Zeno, William Walker, John Felts, John Belken, Carolyn Robinson, and Erma Hendrix; along with ADC Director Larry Norris, and Warden David White of the maximum security unit. Plaintiff advances six claims: (1) after he was convicted of rape, the Court did not make a finding that he was a sexually violent predator; (2) that the parole board deferred his presumptive release date beyond 70% of his sentence, until he completes the Reduction of Sexual Victimization Program ("RSVP"), when the sentencing judge said he would be required to serve a minimum of 70% of his sentence; (3) that he did not know he was classified as a sexually violent predator until December 1, 2005, which was after the time expired for him to object to his deferred parole date; (4) because no determination was made at his sentencing that he was a sexually violent predator, the parole board members cannot require him to complete RSVP before becoming eligible for parole; (5) the parole board members failed to solicit written or oral comments from the court and/or prosecuting attorney before making their determination, which led to them not realizing that no determination had been made that he was a sexually violent predator; and (6) that Defendants continue to deny him his liberty and due process rights created by Arkansas law.

## III. Analysis

Regardless of whether he was properly determined to be a sexually violent predator, or

should not be required to complete RSVP before becoming eligible for parole, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.  Seven of the Defendants named by Plaintiff are members of the Parole Board.  However, it is well settled that parole board members are absolutely immune from suit when considering or deciding parole questions.  *Patterson v. Von Reisen*, 999 F.2d 1238-39 (8th Cir. 1993).  Because Plaintiff's lawsuit is a parole question, Defendants Brownlee, Zeno, Walker, Felts, Belken, Robinson, and Hendrix, are absolutely immune from suit, and Plaintiff's claims against them must be dismissed.

Plaintiff has also named ADC Director Larry Norris and Warden David White as Defendants. However, neither Defendant Norris or Defendant White are alleged to be responsible for the parole condition imposed, or to have the power to remove it.  *See Munson v. Norris*, 435 F.3d 877, 880 (8th Cir. 2006) (Fifth Amendment claim against RSVP and ADC officials failed because they were not responsible for parole stipulations and could not change them).  Accordingly, Plaintiff's complaint must be dismissed.

## IV.  Conclusion

IT  IS THEREFORE ORDERED THAT:

1.      Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this 25th day of July, 2006.

                                    /s/Susan Webber Wright
                                    UNITED STATES DISTRICT JUDGE

3